UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL IRVING**

        **Plaintiff,**       **CASE NUMBER: 06-11569**
                                        **HONORABLE VICTORIA A. ROBERTS**

**v.**

**T. KELLY, et al,**
        **Defendants.**
_____/

**I.   INTRODUCTION**

This matter is before the Court on Defendants H. Sprowl, Lloyd Rapelje, Thomas Birkett, Barbara Meagher, David Sivik, and Denis Reno's Motion to Dismiss and Plaintiff Michael Irving's Motion for Summary Judgement. For the following reasons, the Court **GRANTS** Defendants' Motion.

**II.   BACKGROUND**

Plaintiff Michael Irving ("Plaintiff") is *a pro se* state prisoner and brings a §1983 action against prison officials, alleging violations of his civil rights by the following Defendants: Resident Unit Officer T. Kelly ("Kelly") of Camp Lehman Correctional Facility in Grayling, MI ("CLE"); Lt. H. Sprowl of CLE ("Lt. Sprowl"); Deputy Warden Lloyd Rapelje of CLE ("Deputy Warden Rapelje"); Steven Anderson, Resident Unit Manager and Grievance Coordinator at CLE ("Anderson"); Warden Thomas Birkett ("Warden Birkett") of CLE and Standish Maximum Correctional Facility in Standish, MI ("SMF"); Deputy Warden Barbara Meagher ("Deputy Warden Meagher") of SMF; David Sivik, a case manager at SMF ("Sivik"); Denis Reno, property warehouse manager at

SMF ("Reno"); and unknown mail room employees at SMF.

Plaintiff claims that Defendants improperly issued a misconduct citation, unlawfully withheld his mail and personal property, failed to investigate his complaints regarding prison staff, and improperly scored his security classification, resulting in a denial of parole.  Plaintiff received the major misconduct citation on May 25, 2003 and he filed administrative grievances contesting the citation on April 29, 2004, September 28, 2004, October 20, 2004, and November 2, 2004.  *See* Pl. Ex. B, D, E, E2. Defendants allegedly withheld Plaintiff's mail in March of 2004, for which Plaintiff filed a grievance on May 25, 2004.  Pl. Ex. A.  On May 20, 2004, Plaintiff filed a grievance regarding the loss of his property, which occurred on May 24, 2003.  In addition, Plaintiff received his security classification on February 25, 2004, and on September 28, 2004 he filed a grievance alleging it was improperly calculated.

Plaintiff seeks $275,000 in damages, injunctive relief, reinstatement of his prior security level, and for the misconduct citation to be expunged from his record along with the parole board receiving notification of his correct security level.

Defendants' motion to dismiss alleges that Plaintiff failed to exhaust administrative remedies under the Prisoner Litigation Reform Act of 1995 ("PLRA").  42 U.S.C. § 1997e(a).  Defendants' major assertion is that Plaintiff failed to timely file the above mentioned grievances.

Plaintiff requests this Court find as a matter of law that Defendants violated his civil rights under 42 U.S.C § 1983 in accordance with Fed.R.Civ.P. 56.

**III.    STANDARD OF REVIEW**

Defendants bring this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, "to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1993).

**IV.    ANALYSIS**

    A.    <u>Exhaustion of Administrative Remedies, 42 U.S.C. 1997e(a)</u>

Defendants request this Court to dismiss Plaintiff's complaint for failure to exhaust administrative remedies as required by the PLRA. Under the PLRA, "no action shall be brought with respect to prison conditions . . . until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to 1997e(a), a prisoner bringing an action with respect to prisoner conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See also Porter v. Nussle,* 534 U.S. 516 (2002).

Michigan Department of Corrections' ("MDOC") Inmate Grievance Procedure is governed by policy directive 03.02.130 and provides a five day window after an incident during which an inmate can file a formal grievance.[1] Under §1997e(a), an inmate must attempt to resolve his claims through the MDOC grievance process, which includes three steps, prior to filing a 42 U.S.C. §1983 lawsuit in federal court. *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Although Plaintiff attached many documents to his civil complaint that purport to demonstrate exhaustion of the administrative remedies, a review of those documents reveals that his grievances, complaints, and appeals all failed to comply with the procedural rules. All of the grievances were appealed to the Step III process and were denied for being untimely filed. As a result, Defendants argue that Plaintiff failed to exhaust his administrative remedies.

The Sixth Circuit has held that a prisoner's complaint cannot be dismissed pursuant to 42 U.S.C. § 1997e(a) because a grievance was untimely. *See Thomas v. Woolum*, 337 F.3d 720, 723 (6th Cir. 2003). However, the Supreme Court recently held that a prisoner does not satisfy the exhaustion requirement of § 1997e(a) by "filing an untimely

---

[1] The time limit is set forth in paragraph X, which provides:"[w]ithin five business days after attempting to resolve a grievable issue with staff, a grievant may send a completed Prisoner/Parole Grievance form . . . to the Step I Grievance Coordinator designated for the facility, field office or other office being grieved." (PD 03.120.130 (12/19/03) ¶ X.

or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S.Ct 2378, 2382 (2006).

In *Woodford*, the Court defined proper exhaustion as "using all steps that the agency holds out, and doing *so properly* (so that the agency addresses the issues on the merits)." *Id.* The Court further states, "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* The policy behind proper exhaustion is to protect administrative agency authority as well as to promote efficiency. *Id.* at 2385.

Defendants assert that the *Woodford* decision explicitly overrules the Sixth Circuit's decision in *Thomas* and applies to pending cases. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)(stating that "when this Court applies a rule of federal law to the parties before it, the rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and to all events, regardless of whether such events predate or postdate our announcement of the rule."). This Court agrees.

Based on the evidence presented by Defendants, Plaintiff filed the majority of his grievances months, in some cases over a year, after the occurrence of his aggrieved incident. For example, Plaintiff filed his first grievance regarding the major misconduct citation, which he received on May 25, 2003, on April 29, 2004. As stated, the MDOC policy provides the prisoner five days to file a grievance. Because Plaintiff failed to comply with applicable procedural rules, he failed to exhaust his administrative remedies under the PLRA. Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's

Motion is MOOT.

**IT IS SO ORDERED**.

                                              s/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: December 6, 2006

---

The undersigned certifies that a copy of this document was served on the Plaintiff and attorneys of record by electronic means or U.S. Mail on December 6, 2006.

s/Linda Vertriest
Deputy Clerk

---