UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL IRVING**

          **Plaintiff,**         **CASE NUMBER: 06-11569**
                                      **HONORABLE VICTORIA A. ROBERTS**

**v.**

**T. KELLY, et al,**
          **Defendants.**
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's December 6, 2006 Order Dismissing Plaintiff's complaint. Plaintiff *a pro se* state prisoner brought a §1983 action against prison officials, alleging violations of his civil rights. The Court dismissed Plaintiff's complaint because he failed to comply with applicable procedural rules and thus, failed to exhaust his administrative remedies under the Prison Litigation Reform Act. He now asserts that the Court erred because: (1) several of his grievances were timely filed; and (2) the Court relied on the Supreme Court's decision *in Woodford v. Ngo*,126 S.Ct 2378, 2382 (2006), which the Supreme Court decided after he filed his complaint, rather than the Sixth Circuit's ruling in *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003) in dismissing his case.

For the reasons stated below, Plaintiff's motion is **DENIED.**

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different

disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

Plaintiff fails to make the required showing for reconsideration. The Court is not persuaded that its ruling contained manifest errors of law, and Plaintiff did not identify any factual matter of which the Court was not aware when it ruled on the issues raised. Further, the Court's reliance on *Woodford* was not misplaced. In *Woodford*, the Supreme Court reversed a Ninth Circuit decision, and in so doing the Supreme Court also overruled the Sixth Circuit's decision in *Thomas*, which had been the only circuit decision in agreement with the Ninth Circuit's decision. 126 S.Ct. at 2384. *Woodford*, therefore, governed Plaintiff's case.

Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

          S/Victoria A. Roberts
          Victoria A. Roberts
          United States District Judge

Dated: April 5, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 5, 2007.
>
> S/Carol A. Pinegar
> Deputy Clerk